## S10A1662. ALVELO v. THE STATE.
### (704 SE2d 787)

HUNSTEIN, Chief Justice.

Stephen Alvelo was convicted of malice murder and other crimes arising out of the death of Walter Cooper. He appeals from the denial

of his motion for new trial.[1] Because we agree with Alvelo that the trial court applied an erroneous legal standard in his motion for new trial, we vacate the judgments of conviction and sentence and remand the case to the trial court.

1. The record reveals that Alvelo filed a timely motion for new trial in which he specifically asserted that the verdict was "against the weight of the evidence." See OCGA § 5-5-21 (the trial judge "may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding"). As the trial court expressly noted in its order, Alvelo urged the court to sit as the "thirteenth juror." The trial court, however, then explicitly declined to consider the "credibility of witnesses," stating that "[i]t is solely within the purview of the jury to weigh conflicting evidence and judge credibility of witnesses. . . . [T]he Court will not usurp the jury's function . . . ."

In *Ricketts v. Williams*, 242 Ga. 303, 304 (248 SE2d 673) (1978), this Court held that the "discretionary decision of a trial court that the verdict is against the 'weight of the evidence' . . . is the same as Rule 33 of the Federal Rules of Criminal Procedure." We then stated that the trial court on motion for new trial

> "may weigh the evidence *and consider the credibility of witnesses.* If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted. 'It has been said that on such a motion the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.'["] [Cits.]

---

[1] The crimes occurred on August 11, 2006. Alvelo was indicted January 14, 2009 in Chatham County on charges of malice murder, felony murder, three counts of aggravated assault, concealing the death of another, false imprisonment and possession of a knife during the commission of a felony. He was found guilty of all charges on August 20, 2009 and was sentenced by order filed August 24, 2009 to life imprisonment for malice murder; concurrent sentences of twenty years (for the aggravated assault of Cooper), ten years (for concealing Cooper's death) and ten years (for false imprisonment); two consecutive sentences of 20 years (for the aggravated assaults of Williams and Freitag); and a five-year consecutive sentence (for the possession charge). Alvelo's motion for new trial, filed September 14, 2009 and amended March 5 and 11, 2010, was denied March 30, 2010. A notice of appeal was filed April 28, 2010. The appeal was docketed for the September 2010 term in this Court and was submitted for decision on the briefs.

(Emphasis supplied.) *Ricketts*, supra at 304.

It thus appears that the trial court, when it explicitly declined to consider the "credibility of witnesses," failed to apply the proper standard in assessing the weight of the evidence as requested by Alvelo in his motion for new trial. Only the trial court is authorized by law to conduct such an assessment. See generally *Drake v. State*, 241 Ga. 583 (1) (247 SE2d 57) (1978). We accordingly vacate the judgment and remand this case to the trial court for consideration of Alvelo's motion under the proper legal standard. Accord *State v. Jones*, 284 Ga. 302 (667 SE2d 76) (2008).

2. This holding renders it unnecessary for us to address Alvelo's remaining enumerations of error.

*Judgments vacated and case remanded. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Cecelia Harris, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mary K. Ware, Assistant Attorney General*, for appellee.