S11A0603. MANUEL v. THE STATE.

(711 SE2d 676)

CARLEY, Presiding Justice.

A jury returned verdicts finding Ron Manuel guilty of malice murder and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction and sentenced Manuel to life imprisonment for the malice murder charge and a consecutive five-year term for the weapons charge. Manuel appeals after the denial of a motion for new trial and a motion for reconsideration.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that, on the evening of December 17, 2005, police officer Taisha Rozier, as she was sitting in her squad car, heard four gunshots from the pathway between Old National Highway and Old National Parkway. She and Officer Hines called in a report at 7:31 p.m. and then headed toward the pathway, which is known as a high crime area due to frequent occurrences of drug sales and drug trafficking. At the Motel Six adjacent to the pathway, someone informed the officers that a body was lying farther down the path. At 8:02 p.m., the officers found the body of victim Kenneth Black about 75 feet up the pathway. The victim had been shot once in the face and three times in the chest. The officers did not find a wallet or any cash on the victim, and his right rear pocket was turned inside out. The two bullets recovered from the victim's body were determined by firearms experts to be .38 caliber hollow-point bullets that had been

---

[*] The crimes occurred on December 17, 2005, and the grand jury returned the indictment on March 17, 2006. The jury found Manuel guilty on April 26, 2007, and the trial court entered the judgments of conviction and sentences on May 8, 2007. The initial motion for new trial was filed on May 15, 2007, amended on April 12, 2010, and denied on July 22, 2010. On July 27, 2010, Manuel filed a motion for reconsideration, which was denied on September 1, 2010. Manuel filed a notice of appeal on September 7, 2010, and the trial court granted an out-of-time appeal. The case was docketed in this Court for the April 2011 term, and oral argument was heard on May 16, 2011.

fired from the same gun.

A prostitute, Melissa Stephens, had been with the victim in his room at the Quality Inn, also adjacent to the pathway, from around 6:30 p.m. to 7:30 p.m. when she left the victim still alive. During this hour, the victim had left to get $700 from the ATM in order to pay Ms. Stephens.

Rahsean McIntosh, who was 16 years old at trial, and Emmanuel Adkins, who was 17 years old at trial and 15 years old at the time of the incident, were playing basketball in the parking lot of Ashton Chase Apartments, also adjacent to the pathway, when they heard the gunshots. Less than a minute later, they saw a man come out of the pathway with a silver gun in his hand. As the man was leaving the woods, he stepped beneath a light, at which time both boys could see the man's face. Both boys identified Manuel from a photographic lineup as well as in court as the man they saw that night.

Manuel was arrested the day after the murder. During a search of his apartment, the police found a .38 caliber hollow-point bullet, the same type of bullet as was found in the victim.

> "When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination on the proper weight and credibility to be given the evidence." [Cits.]

*Hamrick v. State*, 304 Ga. App. 378 (1) (696 SE2d 403) (2010). In the present case, two eyewitnesses, who were familiar with Manuel, positively identified him as the man they saw running out of the pathway with a gun shortly after shots were heard. Manuel argues that the jury should have rejected the eyewitnesses' testimony because their testimony was internally inconsistent and they lacked credibility. However,

> [t]hat some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence.

*Simmons v. State*, 285 Ga. App. 129, 130-131 (645 SE2d 622) (2007). Manuel also argues that a lack of physical evidence shows that the

evidence was insufficient to support the guilty verdict. Nevertheless,

> [u]nder OCGA § 24-4-8, the testimony of a single witness is generally sufficient to establish a fact. . . . [T]he lack of corroboration only goes to the weight of the evidence and the credibility of the testifying witness, which is solely within the purview of the jury. [Cits.]

*Samuels v. State*, 223 Ga. App. 275-276 (1) (477 SE2d 414) (1996). Therefore, viewing the evidence in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find Manuel guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Reeves v. State*, 288 Ga. 545, 546 (1) (705 SE2d 159) (2011); *Wornum v. State*, 285 Ga. 168, 169 (1) (674 SE2d 876) (2009); *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

2. Manuel contends that the trial court erred by not exercising its discretion in its review of the motion for new trial when assessing whether the verdict was contrary to the weight of the evidence and that a miscarriage of justice may have resulted. In the motion for new trial, Manuel "specifically asserted that the verdict was 'against the weight of the evidence.' See OCGA § 5-5-21. . . ." *Alvelo v. State*, 288 Ga. 437, 438 (1) (704 SE2d 787) (2011). That statute reads as follows:

> The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding.

In its order denying the motion for new trial, the trial court stated that, "being constrained to the record, [it] is compelled to conclude that, based upon the evidence actually before it, the evidence presented at trial was sufficient to support the jury's verdict. *Jackson v. Virginia*, 443 U. S. 307[, supra]." However, trial courts have a discretion to grant new trials which is not granted to appellate courts. See *Colzie v. State*, 289 Ga. 120, 121 (1) (710 SE2d 115) (2011). Therefore, the trial court, in its order on the motion for new trial, "failed to apply the proper standard in assessing the weight of the evidence as requested by [Manuel] in his motion for new trial." *Alvelo v. State*, supra at 439 (1).

Subsequently, Manuel filed a motion for reconsideration asking the court to apply the appropriate discretionary standard set forth in

OCGA § 5-5-21, pursuant to *Rutland v. State*, 296 Ga. App. 471, 476 (3) (675 SE2d 506) (2009). In its order denying the motion for reconsideration, the trial court stated the following:

> While the Court personally disagreed with the jury's verdict, the Court is not empowered to overturn it where there were two competent and arguably credible witnesses whom the jury believed and there was sufficient evidence to sustain it.

Although the State contends that we may infer that the trial court applied the appropriate discretionary standard from the fact that this order was issued in response to a motion specifically addressing that standard, the language in the order "fails to indicate that the trial court fulfilled its duty of exercising its discretion under the applicable standard set forth in OCGA § 5-5-21. . . ." *Rutland v. State*, supra.

It has long been the rule in this state that " 'the trial judge is vested with the strongest of discretions to review the case and to set the verdict aside if he is not satisfied with it.' " *Bhansali v. Moncada*, 275 Ga. App. 221, 222 (1) (620 SE2d 404) (2005). See also *Alvelo v. State*, supra at 438 (1); *Ricketts v. Williams*, 242 Ga. 303, 304 (248 SE2d 673) (1978); *Wilder v. State*, 193 Ga. 337 (18 SE2d 546) (1942); *Mills v. State*, 188 Ga. 616, 625 (4 SE2d 453) (1939); *Thompson v. Warren*, 118 Ga. 644 (45 SE 912) (1903); *Rutland v. State*, supra; *Holton v. Jones*, 174 Ga. App. 654, 655 (331 SE2d 26) (1985). We are unable to discern how the trial court can declare that it personally disagreed with the jury's verdict and not believe that the verdict was strongly against the weight of the evidence. In fact, this Court, in a long discussion regarding the responsibility a trial court has to use its discretion when granting or denying new trials, stated that a trial judge "can not properly at one and the same time disapprove a verdict and yet refuse a new trial . . . [because] in such case there would be no exercise of the discretion vested in him by law. . . ." *Mills v. State*, supra.

Furthermore, the use of the phrase "sufficient evidence," which echoes the appellate standard of *Jackson v. Virginia*, also denotes that the trial court failed to apply its discretion, as the determination "if there is sufficient evidence to support the verdict . . . is a matter of law, not discretion. [Cits.]" *Jones v. State*, 219 Ga. App. 780 (1) (466 SE2d 667) (1996). Moreover, the sufficiency of the evidence standard and the discretionary standard given to the trial court pursuant to OCGA § 5-5-21 address two distinct legal issues, illustrated by the fact that the double jeopardy clause applies when a court finds the evidence insufficient, but not when a court holds

that the verdict was against the weight of the evidence. See *Priest v. State*, 265 Ga. 399 (1) (456 SE2d 503) (1995); *Ricketts v. Williams*, supra.

Accordingly, we vacate the judgment and remand this case to the trial court for consideration of the motion for new trial under the appropriate discretionary standard. Due to this holding, it is unnecessary for us to address the remaining enumeration of error at this time. See *Alvelo v. State*, supra at 439 (2).

*Judgments vacated and case remanded. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Assistant District Attorney, Stephany J. Luttrell, Assistant District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.