## S12A1575. WALKER v. THE STATE.
### (737 SE2d 311)

BENHAM, Justice.

Appellant Zerrick Breion Walker was convicted of the malice murder of Ronaldo Lorenzo Hill and possession of a firearm during the commission of a felony.[1] On appeal, he contends the evidence was not sufficient to authorize his convictions and that he received

---

[1] The victim was shot at his place of employment on March 21, 2001, and died seventeen days later from complications of the gunshot wounds. Appellant was arrested on the day of the shooting and was charged in a true bill of indictment returned by the Fulton County grand jury on February 13, 2004, with malice murder, felony murder (with aggravated assault as the predicate felony), aggravated assault, possession of a firearm during the commission of a felony, and trafficking in cocaine. The last charge was dead-docketed, and appellant's trial, which took place August 29-September 8, 2005, resulted in the jury's return of guilty verdicts on the remaining four counts. Appellant was sentenced to life imprisonment for the malice murder conviction and to a five-year term for possessing a firearm during the commission of the felony, to be served consecutively to the sentence of life imprisonment. The felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged as a matter of fact into the malice murder conviction. See *Malcolm v. State*, 263 Ga. 364 (434 SE2d 479) (1993). Trial counsel filed a motion for new trial on October 6, 2005, and appellate counsel filed amended motions for new trial on January 2, 2007, June 2, 2010, and June 8, 2010. Hearings on the motion as amended were held on November 15, 2010, and February 10, 2011. The amended motion was denied October 27, 2011, and a timely notice of appeal was filed November 7, 2011. The appellate record was filed in this Court on June 6, 2012, and the appeal was docketed to this Court's September 2012 term. The appeal was submitted for decision on the briefs.

ineffective assistance of trial counsel; he also contends the trial court, in ruling on his amended motion for new trial, did not apply the standard of review requiring the exercise of discretion with which it is imbued under OCGA §§ 5-5-20 and 5-5-21 and seeks remand of his case to the trial court for proper consideration of the amended motion for new trial. We agree with his latter contention and remand the case to the trial court to consider the amended motion for new trial under the proper standard.

1. The State presented evidence that Ronaldo Lorenzo Hill was shot by a man who entered the barbershop where Hill worked, spoke with Hill, walked away from Hill toward the door of the shop, and turned and fired a gun at Hill while leaving the shop. The assailant fired a second shot at the barbershop from outside, and then fled the scene in a waiting white Ford F150 pickup truck. Another barber in the shop at the time of the shooting recognized the shooter as a somewhat regular customer whose hair the victim had cut recently. At trial, the barber and a customer identified appellant as the man who shot the victim, and another customer identified a photo of appellant taken on the day of the shooting as a photo of the shooter. On the day of the shooting, the white Ford pickup truck in which the assailant arrived and departed was parked in such a way as to block the vehicle of an insurance claims investigator examining a car in the parking lot adjacent to the barbershop. The claims investigator identified appellant as the man who exited the pickup truck from the passenger side, leaving the door open; entered the barbershop, after which the witness heard a gunshot; displayed a stainless steel revolver pistol as he exited the barbershop; fired a shot at the barbershop from outside; and re-entered the passenger side of the pickup truck, which drove off. The claims investigator used a cellular phone to call for emergency assistance and gave the dispatcher a description of appellant and the white pickup truck, including its license tag number. It was stopped by police shortly thereafter. The victim of the shooting was transported to the hospital where, after undergoing four surgical procedures, he died seventeen days later. The witnesses inside the barbershop testified that the victim did not have a gun and made no threatening moves toward appellant; the insurance claims investigator testified that no one from the barbershop chased appellant as he left the shop.

The above-summarized evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts the trial court failed to apply the proper standard of review when it decided the contentions in his amended motion for new trial that the verdict was "contrary to law and the principles of justice and equity" and was "decidedly and strongly against the weight of the evidence." See OCGA §§ 5-5-20 and 5-5-21. The trial court applied the standard of *Jackson v. Virginia* to resolve appellant's assertions, citing it in support of the trial court's conclusion that "the evidence adduced at trial, viewed in the light most favorable to the prosecution, was sufficient to enable a rational trier of fact to find the defendant guilty of the offenses charged in the bill of indictment." However, OCGA § 5-5-20 authorizes the trial court to grant a new trial "[i]n any case when the verdict of the jury is found contrary to evidence and the principles of justice and equity[,]" and OCGA § 5-5-21 empowers the trial court to grant a new trial "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." The statutes "afford the trial court broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds. [Cits.]" *Hartley v. State*, 299 Ga. App. 534 (3) (683 SE2d 109) (2009). "[O]ur sovereign, the law, has in effect said to the trial judge: 'We charge you to let no verdict stand unless your conscience approves it, although there may be some slight evidence to support it.' " *Mills v. State*, 188 Ga. 616, 624 (4 SE2d 453) (1939).

When faced with a motion for new trial based on these general grounds, the trial court has the duty to exercise its discretion and weigh the evidence. *Mills v. State*, 188 Ga. at 624; *Hargrave v. State*, 311 Ga. App. 852 (2) (717 SE2d 485) (2011); *Hartley v. State*, supra, 299 Ga. App. at 540; *Rutland v. State*, 296 Ga. App. 471 (3) (675 SE2d 506) (2009). The trial court does not exercise its discretion when it evaluates the general grounds by applying the standard of *Jackson v. Virginia*, supra, to a motion for new trial based on the general grounds embodied in OCGA §§ 5-5-20 and 5-5-21. *Manuel v. State*, 289 Ga. 383, 386 (711 SE2d 676) (2011) (the use of the *Jackson v. Virginia* appellate standard of review "denotes that the trial court failed to apply its discretion, as the determination 'if there is sufficient evidence to support the verdict . . . is a matter of law, not discretion. (Cits.)' [Cit.]"); *Rutland v. State*, supra, 296 Ga. App. at 475-476.[2] Where, as here, the record reflects that the trial court

---

[2] We reiterate an observation we made in *Manuel v. State*, supra, 289 Ga. at 386-387: "the sufficiency of the evidence standard and the discretionary standard given to the trial court pursuant to OCGA § 5-5-21 address two distinct legal issues, illustrated by the fact that the

applied an incorrect standard of review and, in so doing, failed to exercise its discretion and weigh the evidence in ruling on the merits of claims under OCGA §§ 5-5-20 and 5-5-21, the appellate court must vacate the judgment and remand the case to the trial court for consideration of the motion under the proper standard of review. *Manuel v. State*, supra, 289 Ga. at 387; *Alvelo v. State*, 288 Ga. 437 (1) (704 SE2d 787) (2011); *Moore v. Stewart*, 315 Ga. App. 388 (3) (727 SE2d 159) (2012); *Hartley v. State*, supra, 299 Ga. App. at 541; *Rutland v. State*, supra, 296 Ga. App. at 476. In light of this holding, it is unnecessary for this Court to address the remaining enumeration of error at this time. See *Manuel v. State*, supra, 289 Ga. at 387; *Alvelo v. State*, supra, 288 Ga. at 439.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Brandon A. Bullard*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Sheila E. Gallow, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General*, for appellee.

---

double jeopardy clause applies when a court finds the evidence insufficient, but not when a court holds that the verdict was against the weight of the evidence. [Cits.]" See also *Willis v. State*, 263 Ga. 597 (1) (436 SE2d 204) (1993) (stating that an appellate court uses the standard of *Jackson v. Virginia* to review a trial court's denial of a directed verdict of acquittal or the denial of a motion for new trial based on OCGA §§ 5-5-20 and 5-5-21).