S13A0810. CHOISNET v. THE STATE.
(742 SE2d 476)

BENHAM, Justice.

In September 2010, a Chatham County jury found appellant Fredrick Choisnet, Jr., guilty but mentally ill of the malice murder of his father and possession of a knife during the commission of a crime.[1]

---

[1] The victim died on May 5, 2007, and later that month the Chatham County grand jury returned a true bill of indictment charging appellant with malice and felony murder, with aggravated assault as the predicate felony; aggravated assault; elder abuse; and possession of

He now appeals from the denial of his amended motion for new trial contending, among other things, that the trial court applied an erroneous legal standard in ruling on the amended motion. Both the District Attorney and the Attorney General agree with appellant that the case should be remanded to the trial court for application of the appropriate legal standard to appellant's amended motion for new trial. For the reasons that follow, we agree with the parties' assessment. Accordingly, we vacate the judgment of conviction and remand the case to the trial court.

In his amended motion for new trial, appellant specifically asserted that the verdict was "contrary to evidence and the principles of justice" and was "decidedly and strongly against the weight of the evidence." See OCGA §§ 5-5-20 and 5-5-21. These statutes " 'afford the trial court broad discretion to sit as a "thirteenth juror" and weigh the evidence on a motion for new trial alleging these general grounds.' (Cits.) [Cit.]" *Walker v. State*, 292 Ga. 262 (2) (737 SE2d 311) (2013). A trial court reviewing a motion for new trial based on these grounds has a duty to exercise its discretion and weigh the evidence and consider the credibility of the witnesses. *Alvelo v. State*, 288 Ga. 437 (1) (704 SE2d 787) (2011); see also *Brockman v. State*, 292 Ga. 707, 713 (4) (739 SE2d 332) (2013); *Walker v. State*, supra, 292 Ga. at 264. In the case before us, the trial court reviewed the evidence in the light most favorable to the jury's verdict and concluded that the evidence "was more than sufficient . . . to allow a rational trier of fact to find [appellant] 'guilty beyond a reasonable doubt but mentally ill' of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (1979)." However, a trial court does not fulfill its duty to exercise its discretion when it applies the standard of review set out in *Jackson v. Virginia* to the statutory grounds for a new trial. See *Manuel v. Stewart*, 289 Ga. 383, 386 (711 SE2d 676) (2011). The trial court also failed to apply the proper standard in assessing the weight of the evidence as requested by the amended motion for new trial when it did not consider witness credibility, stating only in its order that conflicts in testimony were matters of credibility for resolution by the jury. *Alvelo v. State*, supra, 288 Ga. at 438-439.

---

a knife during the commission of a crime. In March 2009, appellant filed his notice of intent to raise a defense of insanity, mental illness or mental retardation. The jury trial, held August 30–September 2, 2010, resulted in the jury finding appellant guilty but mentally ill of all charges. He was sentenced to life imprisonment for malice murder and five years' probation, to be served consecutively, for the conviction for possession of a knife. The motion for new trial, timely filed on September 13, 2010, and amended August 1, 2011, was denied on November 27, 2012. The notice of appeal was timely filed on December 21, 2012, and the appellate record was filed in this Court on February 13, 2013, and the case was docketed to the April 2013 term of court. The case was submitted for decision on the briefs.

Inasmuch as only the trial court is authorized by law to review a verdict pursuant to OCGA §§ 5-5-20 and 5-5-21, we agree with the parties that the judgment must be vacated and the case remanded to the trial court for consideration of the amended motion for new trial under the proper legal standard. See *Walker v. State*, supra, 292 Ga. at 264-265; *Manuel v. State*, supra, 289 Ga. at 387; *Alvelo v. State*, supra, 288 Ga. at 439; *Moore v. Stewart*, 315 Ga. App. 388 (3) (727 SE2d 159) (2012); *Hartley v. State*, 299 Ga. App. 534 (3) (683 SE2d 109) (2009); *Rutland v. State*, 296 Ga. App. 471 (3) (675 SE2d 506) (2009). In light of this holding, it is unnecessary for this Court to address the remaining enumerations of error at this time. See *Walker v. State*, supra, 292 Ga. at 265; *Manuel v. State*, supra, 289 Ga. at 387; *Alvelo v. State*, supra, 288 Ga. at 439.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED APRIL 29, 2013.

*Steven L. Sparger*, for appellant.

*Meg E. Heap, District Attorney, Shalena C. Jones, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General*, for appellee.