**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 14, 2014**

# In the Court of Appeals of Georgia

A13A2395. STRAPP v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for riot in a penal institution (OCGA § 16-10-56), Winston Strapp argues that the evidence was insufficient. Strapp also argues that the trial court erred when it failed to charge the jury on simple battery, obstruction, and justification and when it failed to consider his post-trial request to weigh the credibility of the witnesses against him. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the

prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the day after beginning a dispute with a corrections officer at the Douglas County jail over a bunk assignment, Strapp verbally abused the officer. Later that day, as the officer was trying to close Strapp's cell door, Strapp grabbed the officer's arm. In the course of the ensuing struggle, Strapp put his legs around the officer's neck. Another eyewitness testified that Strapp put his arms around the officer's neck, placing him in a chokehold. Strapp denied that he had applied a chokehold with either his legs or his arms, but admitted that he had been on top of the officer at one point during the fight.

After a jury found Strapp guilty of riot in a penal institution, he was convicted and sentenced to 20 years to serve. His motion for new trial was denied.

1. Strapp argues that the evidence was insufficient to sustain the verdict and that there was a fatal variance between the indictment and the proof. We disagree.

OCGA § 16-10-56 (a) provides that "[a]ny person legally confined to any penal institution of this state or of any political subdivision of this state who commits an

2

*unlawful act of violence or any other act in a violent or tumultuous manner* commits the offense of riot in a penal institution." (Emphasis supplied.)

(a) Viewed in favor of the jury's verdict, the evidence outlined above was sufficient to show that while Strapp was legally confined in the Douglas County jail, he engaged in a series of acts, including grabbing the victim's arm, getting on top of the victim, and choking the victim with either his arms or his legs, some or all of which were committed in "a violent or tumultuous manner." See *Brown v. State*, 288 Ga. App. 812, 813 (655 SE2d 692) (2007) (evidence including that defendant threw a cup of bleach solution on a deputy and threatened to hit him with a mop sufficed to sustain a conviction for riot in a penal institution); *Jackson*, 443 U. S. at 311.

(b) Strapp's suggestion that there was a fatal variance between the indictment, which alleged that he applied a chokehold with his arms, and the victim's account, which suggested that Strapp used his legs, lacks merit.

"Averments in an indictment as to the specific manner in which a crime was committed are not mere surplusage [and] must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law." *Quiroz v. State*, 291 Ga. App. 423, 425-426 (1) (662 SE2d 235) (2008) (citation and punctuation omitted). However,

3

> [t]he general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

Id., quoting *De Palma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969).

There was no variance between the indictment and the proof here because there was some evidence that Strapp used his arms to apply the chokehold. Even if such a variance had existed, moreover, it would not have been fatal because the indictment "sufficiently apprised" Strapp of the charge against him, and because that portion of the indictment specifying the means by which Strapp committed his violent act was "mere surplusage." *Quiroz*, 291 Ga. App. at 426 (1) (no fatal variance between an indictment charging defendant with aggravated assault by holding a knife to a victim's neck and proof showing that defendant had merely pointed the knife at the victim); see also *In the Interest of J. A. C.*, 291 Ga. App. 728, 730 (2) (662 SE2d 811) (2008) (no fatal variance between allegation that defendant had assaulted deputy by striking him with a baton and proof that defendant had merely threatened deputy with the baton); *Nash v. State*, 222 Ga. App. 766-767 (1) (476 SE2d 69) (1996) (no fatal variance

4

between indictment alleging that defendant committed aggravated assault by throwing a knife at the victim and proof that the knife fell out of the defendant's hand as he was attempting to stab the victim).

2. Strapp also argues that the trial court erred when it denied his requests to charge the jury on (a) simple battery, (b) misdemeanor obstruction of an officer, and (c) justification. We disagree.

> A trial court's refusal to give a requested jury charge is not error unless the request is entirely correct and accurate; is adjusted to the pleadings, law, and evidence; and is not otherwise covered in the general charge. And we review a trial court's refusal to give a requested jury charge under an abuse-of-discretion standard.

(Footnote omitted.) *Anderson v. State*, 319 Ga. App. 701-702 (738 SE2d 285) (2013).

(a) Strapp first asserts that the trial court should have charged the jury on simple battery as a lesser included offense of riot. We disagree.

The trial court's refusal to give Strapp's requested charge on simple battery "is not reversible error unless simple battery is, as a matter of law," included in riot, the crime for which Strapp was indicted. *Givens v. State*, 184 Ga. App. 498, 499-500 (3) (361 SE2d 830) (1987). "If so, then and only then, the issue becomes whether the

5

evidence in the instant case authorized a factual finding of simple battery and thus warranted a jury charge as to that crime." Id. (citation and punctuation omitted).

OCGA § 16-1-6 provides:

An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) [the included crime] is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [the included crime] differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

As the severity of the victim's injury is not at issue here, we consider only whether simple battery by reason of insulting physical contact is "established by proof of the same or less than all the facts . . . required to establish proof of" riot. *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006).

The offense of riot in a penal institution has two elements: that the defendant be "legally confined to any penal institution" in Georgia, and that he or she has committed an "unlawful act of violence or any other act in a violent or tumultuous manner." OCGA § 16-10-56 (a). The offense of simple battery requires that the defendant either intentionally make "physical contact of an insulting or provoking

6

nature" with or intentionally cause "physical harm" to a victim. OCGA § 16-5-23 (a) (1), (2).

The indictment against Strapp charged that "while being lawfully confined to a penal institution" in Georgia, Strapp "did commit an unlawful act of violence" by "using his arms to place a choke hold around the neck of" the victim, thereby tracking the elements of riot in OCGA § 16-10-56 (a). Riot differs from simple battery in that riot requires the use of violence or tumult and can be committed only by a person confined to a penal institution. And simple battery differs from riot in that simple battery requires an unlawful touching that is "insulting, provoking, or intentionally harmful," *Eller v. State*, 294 Ga. App. 77, 84 (4) (g) (668 SE2d 755) (2008), whereas riot does not require any such personal touching, but only, as the indictment charged, a "violent or tumultuous act." As a matter of law, then, simple battery is not a lesser included offense of riot in a penal institution.

> Where the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative separate offense. Criminal indictments are not deemed amendable to conform to the evidence. The State has the prerogative to indict and try a defendant for a particular crime and the defendant cannot usurp that prerogative by

7

> proposing a crime different from that charged and which is not an
> offense included in the offense charged.

*Givens*, 184 Ga. App. at 500 (3). Because simple battery is not included as a matter of law in the offense of riot, the trial court did not err in refusing to charge the jury as to simple battery as a lesser included offense of riot. Id. at 500-501 (3) (trial court did not err when it refused to charge on simple battery when simple battery was not a lesser included offense of robbery by force as a matter of law).

(b) Although Strapp argues that misdemeanor obstruction is also a lesser included offense of riot, misdemeanor obstruction specifically precludes the use of violence. OCGA § 16-10-24 (a), (b) (defining misdemeanor obstruction as the "knowing or willful obstruction of a law enforcement officer" not involving violence); *Stryker v. State*, 297 Ga. App. 493, 494-495 (677 SE2d 680) (2009) (disapproving cases suggesting that misdemeanor obstruction requires proof of forcible resistance or threats of violence even after the statute's amendment in 1986). Given that the evidence supported a conclusion that Strapp used violence against the officer, a jury instruction on misdemeanor obstruction was also not warranted. See *White v. State*, 310 Ga. App. 386, 390-391 (3) (714 SE2d 31) (2011) (no error in failing to give instruction on misdemeanor obstruction when the evidence showed that the defendant

8

used violence against an officer, and was therefore guilty of felony rather than misdemeanor obstruction).

(c) In order to obtain an instruction on the affirmative defense of justification, a defendant must admit all elements of the crime charged against him with the exception of intent. *Ojemuyiwa v. State*, 285 Ga. App. 617, 619-620 (1) (647 SE2d 598) (2007). Here, Strapp testified repeatedly that the officer started the confrontation by pushing him, that Strapp himself tried only to "restrain" the officer, and that he "grabbed" the officer only to prevent himself from falling. Because Strapp did not admit using violence against the officer, he was barred from obtaining an instruction on justification. Id. (because defendant did not admit that she obstructed officer by using violence against him, she was not entitled to an instruction on justification).

3. Strapp also argues that the trial court erred when it ignored his post-trial request to weigh the credibility of the witnesses against him. We disagree.

The Supreme Court of Georgia has recently summarized this subject as follows:

Even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial if the verdict of the jury is "contrary to the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial – commonly known as the "general grounds" – require the trial

9

judge to exercise a "broad discretion to sit as a 'thirteenth juror.'" *Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013). In exercising that discretion, the trial judge must consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. See *Choisnet v. State*, 292 Ga. 860, 861 (742 SE2d 476) (2013).

(Punctuation omitted.) *White v. State*, 293 Ga. 523, 524 (2) (___ SE2d ___) (2013).

Our Supreme Court also noted in *White* that

[a]lthough the discretion of a trial judge to award a new trial on the general grounds is not boundless – it is, after all, a discretion that "should be exercised with caution and invoked only in exceptional cases in which the evidence preponderates heavily against the verdict," *Alvelo v. State*, 288 Ga. 437, 438 (1) (704 SE2d 787) (2011) – it nevertheless is, generally speaking, a substantial discretion. See *State v. Harris*, 292 Ga. 92, 94 (734 SE2d 357) (2012).

(Punctuation and footnote omitted.) Id. at 524-525 (2). Thus a trial court's decision whether the evidence supports a verdict as a matter of law involves the application of a different legal standard from the same court's discretionary consideration of the general grounds. Id.

Under this law, a trial court ruling on a motion for new trial must consider the general grounds under OCGA §§ 5-5-20 and 5-5-21 if these have been properly

10

raised. It is also "a well-settled appellate rule," however, "that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing. *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997)." *Maxwell v. State*, 233 Ga. App. 419, 423 (4) (b) (503 SE2d 668) (1998); see also *Westmoreland v. State*, 192 Ga. App. 173, 176 (2) (b) (384 SE2d 249) (1989) ("[a] party cannot claim error where he himself committed or invited the error."). Such "[i]nduced error . . . furnishes no ground for reversal." *Torres v. State*, 272 Ga. 389, 392 (7) (529 SE2d 883) (2000); see also *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

Strapp's written motion asked for a new trial on three grounds: that the verdict was "contrary to the law"; that it was "contrary to the facts"; and that the trial court erred in instructing the jury. Strapp did not cite OCGA §§ 5-5-20 or 5-5-21 in his motion or at the hearing on the motion. At the outset of the hearing, however, Strapp stated that he was "traveling under the motion for new trial originally filed by [trial counsel]" and stated that the first issue at the hearing was whether the verdict was "against the weight of the evidence." After Strapp's appellate counsel attempted to cast doubt on the credibility of the eyewitness who testified at trial by pointing out

that he was a convicted felon and that his testimony contradicted videotape of the struggle at issue, the following exchange took place:

[Trial Court]: But doesn't the jury get to decide who is telling the truth or not?

[Counsel]: I think it's arguable that the jury does, and the actual credibility of a witness and sufficiency of the state to give the evidence and *whether or not there is enough for the jury to decide is a question for the Court*. [Trial counsel] did make the *motion for directed verdict* that the Court denied. *The defense's position is that it should have been granted based on the overall circumstances.*

[Trial Court:] *All right, so I want to make sure I understand what you're saying. You're saying that there's a variance in the evidence between what was alleged in the indictment in terms of the manner of choking that is fatal?*

[Counsel]: *Yes, sir. . .* The evidence from [the victim was that] he was not choked at all, that his legs were around him, but he was never placed in a chokehold. The only contra evidence was from a convicted felon who by [the victim's] own testimony was not being truthful based on the video evidence. In that case I believe it was appropriate for the Court and *the Court should have granted the motion for directed verdict because there was insufficient evidence* and extremely contradicted the evidence presented to the jury.

Counsel and the court then continued to discuss the questions of sufficiency we address in Division 1 above, including whether there was a fatal variance between the

12

indictment and the proof, without further discussion of the general grounds. The trial court's order construed Strapp's motion as arguing sufficiency, not the general grounds, and denied the motion. Strapp did not move for reconsideration of this ruling.

We are mindful of our Supreme Court's recent holdings requiring a judge ruling on a motion for new trial on the general grounds to "consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence." *White*, 293 Ga. at 524 (2); see also *Walker*, 292 Ga. at 265; *Manuel v. State*, 289 Ga. at 387 (2); *Alvelo v. State*, 288 Ga. 437, 438 (1) (704 SE2d 787) (2011). This record shows, however, that even assuming that Strapp's written motion successfully raised the general grounds without specifically citing OCGA §§ 5-5-20 or 5-5-21, Strapp then induced any error when, in direct response to a request for clarification from the trial court, he recast the issue he had attempted to raise as one of sufficiency – whether there was any evidence to survive a motion for directed verdict and to support the jury's verdict that Strapp was guilty of the crime as charged in the indictment – rather than matters of conflicting evidence or credibility. See generally *Edwards*, 235 Ga. at 604-605 (where trial court and defense counsel agreed that a charge should be

given, any error was induced). Compare *Choisnet*, 292 Ga. at 861-862 (trial court erred in failing to exercise its discretion as to the general grounds when party seeking a grant of new trial "specifically asserted" that the verdict was contrary to the evidence and strongly against the weight of the evidence).

For all these reasons, the trial court did not err when it denied Strapp's motion for new trial.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*