**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 20, 2017**

# In the Court of Appeals of Georgia

A17A1486. ATKINS v. THE STATE.

BETHEL, Judge.

Monica Atkins was convicted on charges of aggravated child molestation and child molestation. She appeals from the denial of her motion for a new trial arguing that the evidence was insufficient to support her convictions and that the trial court applied the wrong standard of review to her motion. While we find the that evidence in this case was sufficient to support Atkins' convictions, we otherwise agree with Atkins that the trial court failed to apply the correct standard of review in considering her motion for a new trial. We therefore vacate the trial court's denial of Atkins' motion and remand the case to the trial court for proper consideration of that motion.

> In resolving [Atkins'] challenge to the sufficiency of the evidence, we view the evidence in a light favorable to the jury's verdict. Weighing the evidence and determining witness credibility are beyond the purview of this court.

> We simply assess whether the evidence was sufficient to find [Atkins] guilty beyond a reasonable doubt.

*Smith v. State*, 320 Ga. App. 408, 409 (1) (740 SE2d 174) (2013) (citation and punctuation omitted).

The evidence[1] shows that after learning she was pregnant, A. O., who was thirteen years old at the time, called Atkins and told her she was pregnant by Atkins' husband. Atkins' husband denied both paternity and sexual contact with A. O. A. O.'s mother reported the incident to police.

During her initial interview with law enforcement, A. O. claimed that in August 2010 while sleeping on the floor of Atkins' apartment, she awoke to find Atkins' husband on top of her having sex with her. Nine days later during her forensic interview, A. O. alleged for the first time that a prior incident occurred in June or July of 2010 in which she engaged in sexual acts with Atkins and her husband at their previous residence. Atkins was indicted on charges of aggravated child molestation and child molestation.[2]

---

[1] The evidence in this case is largely the same as that recounted in this Court's opinion in A17A0240 for Atkins' co-defendant.

[2] Atkins' husband was indicted and tried jointly as a co-defendant on charges of aggravated child molestation and statutory rape. He was convicted on both counts

At the time of trial, A. O. was sixteen years old. She testified that Atkins only used her hands to touch her thighs and breasts during the alleged incident. However, the recording of A. O.'s forensic interview was played for the jury, and in it, A. O. specifically claimed that Atkins touched A. O.'s breasts, undressed her, and that Atkins placed her mouth on A. O.'s vagina.

Atkins maintained her innocence and testified that she never performed oral sex on A. O. or touched A. O.'s breasts or thighs. A jury found Atkins guilty on both counts. Following the verdict, Atkins moved for a new trial, and the trial court denied her motion. This appeal followed.

1. While Atkins acknowledges that A. O.'s testimony did not require corroboration and was generally sufficient to establish a fact, Atkins contends that A. O.'s in-court testimony was legally insufficient to convict her. We disagree.

Under Georgia law, a person commits the offense of child molestation when she "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). "A person commits the offense of aggravated child molestation when such person commits an offense of

_____

and appealed. His case came before us on appeal as Case A17A0240.

child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c). Count three of the indictment charged that Atkins did "an immoral and indecent act to, in the presence of and with A. O., a child under the age of sixteen years, by placing [Atkins'] mouth on [A. O.'s] female sex organ, with the intent to arouse and satisfy [Atkins'] sexual desires; said act involving an act of sodomy[.]" In its charge to the jury, the trial court defined an act of sodomy as "performing or submitting to a sexual act involving the sex organs of one and the mouth or anus of another."

Although A. O. testified at trial that Atkins only used her hands to touch A. O.'s thighs and breast during the alleged incident, the State presented A. O.'s prior statement from her forensic interview in which A. O. described with specificity that Atkins performed oral sex, an act of sodomy, on her.[3] Atkins' assertion of inconsistencies between A. O.'s trial testimony and the statements A. O. made during

---

[3] Atkins did not challenge the admissibility of A. O.'s forensic interview which was admitted under the Child Hearsay Statute, OCGA § 24-3-16. The statute "creates an exception to the hearsay rule for statements made by a child under the age of 14 describing any act of sexual abuse if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability. The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony." *Braddy v. State*, 205 Ga. App. 424, 425 (2) (422 SE2d 260) (1992) (citations and punctuation omitted).

her forensic interview goes to the weight of A. O.'s testimony and her credibility as a witness, not to the sufficiency of the evidence persented. It is for a jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. *Rudisail v. State*, 265 Ga. App. 293, 294 (2) (593 SE2d 747) (2004). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." *Id*. (citation omitted). Thus, the evidence adduced was legally sufficient to support Atkins' convictions.

2. Notwithstanding our holding in Division 1, we agree with Atkins that the trial court applied the wrong standard when reviewing her motion for new trial based on general grounds.

> OCGA § 5-5-20 authorizes the trial court to grant a new trial in any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, and OCGA § 5-5-21 empowers the trial court to grant a new trial where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding. Read together, the statutes provide the trial court broad discretion to sit as a thirteenth juror and weigh the evidence on a motion for new trial alleging the foregoing general grounds. Our sovereign, the law, has in effect said to the trial judge: We charge you to let no verdict stand unless your

5

conscience approves it, although there may be some slight evidence to support it.

*Copeland v. State*, 327 Ga. App. 520, 524-25 (2) (759 SE2d 593) (2014) (citation and punctuation omitted).

In this case, Atkins moved the trial court to grant her a new trial based on general grounds contending in part that the only evidence against her—A. O.'s testimony regarding the sexual encounter for which she was convicted—was not credible. The trial court denied the motion and in reaching its conclusion, acknowledged that Atkins sought a new trial based on general grounds. However, the trial court applied the sufficiency of the evidence standard outlined in *Jackson v. Virginia*,[4] to deny her motion. This was in error because the standard of review for motions brought under OCGA §§ 5-5-20 and 5-5-21 goes to the weight, not the sufficiency, of the evidence presented.

Nothing in the order suggests that the trial court performed its "duty to exercise its discretion and weigh the evidence" in its consideration of the general grounds for the motion. *White v. State*, 293 Ga. 523, 525 (2) (753 SE2d 115) (2013) (judgment vacated and case remanded due to trial court's repeated statement that it viewed

[4] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

6

evidence in the light most favorable to the verdict); *see also Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013) (trial court did not properly exercise its discretion where it evaluated general grounds of motion for new trial by applying *Jackson v. Virginia* standard); *Rutland v. State,* 296 Ga. App. 471, 475-76 (3) (675 SE2d 506) (2009) (same). Thus, we are compelled to vacate the denial of Atkins' motion for new trial and remand this case to the trial court for consideration of Atkins' motion under the proper legal standard embodied in OCGA §§ 5–5–20 and 5–5–21.[5]

*Judgment vacated and case remanded. McFadden, P. J., concurs fully and specially. Branch, J., concurs.*

---

[5] *See also Choisnet v. State* 292 Ga. 860, 861-62 (742 SE2d 476) (2013) (judgment vacated and case remanded where trial court reviewed evidence in light most favorable to verdict and failed to consider witness credibility); *Manuel v. State*, 289 Ga. 383, 386 (2) (711 SE2d 676) (2001) (judgment vacated and remanded where trial court "personally disagreed with the jury's verdict" yet found the evidence was sufficient to support the jury's verdict); *Alvelo v. State*, 288 Ga. 437, 438 (1) (704 SE2d 787) (2011) (vacating order denying motion for new trial and remanding case for consideration of accused's motion under the proper legal standard); *Moore v. Stewart*, 315 Ga. App. 388, 391 (3) (727 SE2d 159) (2012) (vacating and remanding order denying motion for new trial where trial court failed to exercise discretion under applicable standard).

# In the Court of Appeals of Georgia

A17A1486. ATKINS v. THE STATE.

McFADDEN, Presiding Judge, concurring fully and specially.

I concur fully in the majority opinion. I write separately to note that our decision in the case of appellant's husband, *Atkins v. State*, __ Ga. App. __ (__ SE2d __) (Case No. A17A0240, decided June 30, 2017), is pending before our Supreme Court on petition for certiorari, Case No. S17C1996, and that, on remand, appellant will be entitled to amend her motion for new trial. OCGA § 5-5-40 (b); see also *Lee v. State*, 316 Ga. App. 227, 229 (728 SE2d 847) (2012).