310 Ga. 421
FINAL COPY

S20A1105. CASEY v. THE STATE.

BETHEL, Justice.

A Lowndes County jury found Clarence Casey guilty of felony murder predicated on an aggravated assault and possession of a firearm during the commission of a felony in connection with the shooting death of Alfred Pierre Bradley. Following the denial of his motion for new trial, Casey appeals, alleging that the State presented insufficient evidence to support the jury's verdict, the trial court did not apply the proper standard in evaluating Casey's claim for relief on the "general grounds" set forth in OCGA §§ 5-5-20 and 5-5-21, and the trial court erred by admitting certain evidence. While there was sufficient evidence to support the verdict as a matter of due process, we conclude that the trial court failed to exercise its discretion as the "thirteenth juror" under OCGA §§ 5-5-

20 and 5-5-21 in ruling upon Casey's motion for new trial.[1] We therefore vacate the trial court's order in part and remand the case to the trial court. We do not reach Casey's final enumeration of error in this appeal.

1. Viewed in the light most favorable to the verdict, the evidence presented at trial showed the following. In the early morning of January 13, 2013, Bradley drove his car to a store in Lowndes County. He exited his car and walked into the store. Casey, Radcliffe Eady, and Michael Green were standing outside the store. When Bradley exited the store, Eady ran toward Bradley with a .45-caliber

---

[1] The crimes occurred on January 13, 2013. Casey was indicted by a Lowndes County grand jury on April 26, 2013, for malice murder (Count 1); felony murder (Count 2); aggravated assault (Count 3); possession of a firearm during the commission of a felony (Count 4); and possession of a firearm by a convicted felon (Count 5). A jury trial was held on January 27, 28, and 30, 2014, and the jury found Casey not guilty on Count 1 but guilty on Counts 2, 3, and 4. The trial court entered an order of nolle prosequi as to Count 5. Casey was sentenced to serve life in prison without parole for felony murder, and the aggravated assault count was merged into the felony murder count. Casey was also sentenced to five years consecutive for possession of a firearm during the commission of a felony. Casey filed a timely motion for new trial on March 11, 2014, which he amended on May 2, 2019. The trial court entered an order denying the motion on August 20, 2019. Casey filed a timely notice of appeal. This case was docketed in this Court to the August 2020 term and submitted for a decision on the briefs.

pistol. The two struggled over the firearm, and Bradley eventually obtained control of it. During this struggle, the pistol fired, and Bradley then ran around the side of the building.

Bradley was highly agitated and returned to the front of the building waving the gun, "screaming, and yelling." Casey, a convicted felon armed with a firearm, approached Bradley from behind and shot him at close range in the back of the head. Casey, still in possession of the gun he used to shoot Bradley, walked away. At some point following the incident, Casey apologized to the owner of the establishment for shooting Bradley at her store.

On January 15, 2013, during a custodial police interrogation and after receiving *Miranda* warnings,[2] Casey agreed to answer questions. Casey initially said that he was not at the store at all on the day the crime occurred. He later admitted that he was at the store but said that he was not there when the shooting occurred, and he denied shooting Bradley.

---

[2] See *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

Following an autopsy, the forensic pathologist determined that a gunshot wound to the head caused Bradley's death and ruled the death a homicide. The entrance wound, located on the left side of the back of Bradley's head, had a partial muzzle imprint, meaning that the gun's muzzle was in contact with the skin at the time it was fired.

Casey argues that the evidence was insufficient to support the jury's verdict because, even when viewed in the light most favorable to the verdict, no rational trier of fact could have found Casey guilty beyond a reasonable doubt of felony murder and possession of a firearm during the commission of a felony. We disagree.

When evaluating the sufficiency of evidence as a matter of federal due process under the Fourteenth Amendment to the United States Constitution, the proper standard of review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). This Court views the evidence in the "light most favorable to the verdict, with deference to the

4

jury's assessment of the weight and credibility of the evidence." (Citation and punctuation omitted.) *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013).

Casey was convicted of felony murder predicated on aggravated assault and possession of a firearm during the commission of a felony. Although the trial court properly merged the aggravated assault count for sentencing, we must consider whether the evidence presented at trial was sufficient to support a finding that Casey committed the alleged aggravated assault because it was the predicate felony for the felony murder.

OCGA § 16-5-1 (c) provides that "[a] person commits the offense of murder when, in the commission of a felony, he or she causes the death of another human being irrespective of malice." OCGA § 16-5-21 (a) provides, in relevant part, that "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-11-106 (b) (1) provides, in

5

relevant part, that "[a]ny person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit[,] . . . [a]ny crime against or involving the person of another . . . and which crime is a felony, commits a felony[.]"

Eyewitness testimony established that Casey shot Bradley in the head at close range. Forensic evidence supported this testimony by showing that Bradley was fatally shot in the back of the head by a gun in contact with his scalp. Moreover, Casey later apologized to the shop owner for shooting Bradley, and he gave inconsistent accounts to the police. This evidence was sufficient as a matter of due process to authorize a rational trier of fact to find Casey guilty of felony murder predicated on aggravated assault and possession of a firearm during the commission of a felony. See *Jackson*, 443 U. S. at 319 (III) (B). See also *Dunbar v. State*, 263 Ga. 769, 769 (1) (438 SE2d 356) (1994). [3]

---

[3] Because we remand this case on the thirteenth juror issue, we note that the evidence featured contradictory testimony, testimony that conflicted with

6

2. Casey also argues that the trial court failed to properly exercise its discretion as the "thirteenth juror" in ruling upon his motion for new trial. The trial court's order denying Casey's motion for new trial includes the following:

> [OCGA §§ 5-5-20 and 5-5-21] afford the trial court broad discretion to sit as a "thirteenth juror" and weigh the evidence on a motion for new trial alleging these general grounds. *Walker v. State*, 292 Ga. 262 [(737 SE2d 311)] (2013).
>
> However, "[t]he . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Barber v. State*, 235 Ga. App. 170 [(509 SE2d 93)] (1998). "When an appellant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Jackson v. State*, 309 Ga. App. 24[ (709 SE2d 44)] (2011)

prior statements, and other reasons to either credit or doubt much of the testimony the jury heard. For instance, after the shooting, Dorothy Brinson, the store owner at the time of the shooting, told police officers that Casey apologized for shooting Bradley in the store and that he shot Bradley to protect others behind the store counter. But, at trial, she testified that Casey had not admitted shooting Bradley and had only stated that he was "sorry for what happened." Another witness, Martavius Smith, told police officers after the shooting that he saw Casey walk up to Bradley with the gun, put the gun to the back of Bradley's head, and shoot Bradley. Smith told police officers that Casey calmly walked away with the gun. But, at trial, Smith testified that Bradley shot himself. Consistent with our sufficiency review, we have presented and reviewed the evidence in the light most favorable to the verdict of the jury. See *Jackson*, 443 U. S. at 319 (III) (B).

7

[(quoting *Jackson*, 443 U. S. at 319 (III) (B))].

Casey contends that while the trial court's order mentions the discretion given to the trial court by OCGA §§ 5-5-20 and 5-5-21, it shows that the trial court failed to actually exercise this discretion. Casey contends that the order must be vacated and this case remanded to the trial court so that it can apply the correct legal standard under OCGA §§ 5-5-20 and 5-5-21. We agree.

When the evidence is legally sufficient to sustain a conviction as a matter of due process, as the evidence was in this case, a trial judge may, nevertheless, grant a new trial if the verdict of the jury is "contrary to . . . the principles of justice and equity," OCGA § 5-5-20, or if the verdict is "decidedly and strongly against the weight of the evidence[.]" OCGA § 5-5-21. See also *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013). These grounds for a new trial, commonly known as the "general grounds," require the trial judge "to sit as a 'thirteenth juror'" and conduct a review more expansive than that required for legal sufficiency of the evidence by considering any testimonial conflicts, the witnesses' credibility, and

8

the weight of the evidence. *Walker*, 292 Ga. at 264 (2). See also *Choisnet v. State*, 292 Ga. 860, 861 (742 SE2d 476) (2013).

Here, Casey properly raised the general grounds in a timely motion for new trial and argued that there was insufficient evidence to support his conviction under *Jackson*. These are two distinct legal arguments that require the trial court to apply distinct legal standards. The trial court's order, however, indicates that the court failed to exercise its discretion in its consideration of the general grounds and only applied the *Jackson* standard, by which a court assesses the legal sufficiency of the evidence as a matter of due process. Further, the trial court's use of the word "[h]owever" following the outline of its role as the thirteenth juror and its immediate reference to the sufficiency standard "denote[ ] that the trial court failed to apply its discretion, as the determination if there is sufficient evidence to support the verdict is a matter of law, not discretion." (Citations and punctuation omitted.) *Manuel v. State*, 289 Ga. 383, 386 (2) (711 SE2d 676) (2011); *Walker*, 292 Ga. at 264 (2). "[W]hen the record reflects that the trial court reviewed the

9

motion for new trial *only* for legal sufficiency of the evidence, the trial court has failed to exercise" its discretion under the general grounds. (Emphasis supplied.) *Holmes v. State*, 306 Ga. 524, 528 (2) (832 SE2d 392) (2019).

We conclude that the trial court failed to conduct the proper general grounds analysis as requested by Casey in his motion for new trial. See *Manuel*, 289 Ga. at 385 (2). Accordingly, we vacate the denial of Casey's motion for new trial, and we remand this case so that the trial court can apply the proper standard in exercising its discretion pursuant to OCGA §§ 5-5-20 and 5-5-21.

3. Lastly, Casey argues that he is entitled to a new trial because the trial court improperly overruled his objection to the admission of a witness' pre-trial statement. Because this case must be remanded in any event, "it is unnecessary for us to address the remaining enumeration of error at this time." *Manuel*, 289 Ga. at 387 (2). If the trial court concludes on remand that a new trial is unnecessary and Casey decides to appeal, Casey may present this enumeration of error along with any other potential errors that may

occur on remand.

*Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur, except Warren, J., not participating.*

Decided November 16, 2020.

Murder. Lowndes Superior Court. Before Judge Cowart.
*Conger & Smith, Gregory D. Smith*, for appellant.
*Bradfield M. Shealy, District Attorney, Michelle T. Harrison, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Leslie A. Coots, Assistant Attorney General*, for appellee.