## A09A1628. HILL v. THE STATE.
(690 SE2d 677)

BERNES, Judge.

Following a jury trial, Steven Hill was convicted of possession of cocaine. He argues that the trial court's instruction on equal access was erroneous and that the failure of the trial court to give a correct instruction on equal access constituted reversible error. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence presented at trial showed that on a rainy day, Hill was traveling on Interstate 75 as a passenger in a vehicle being driven by his cousin. The men's vehicle was struck by a tractor-trailer that hydroplaned across the wet roadway.

As the driver of the tractor-trailer was reporting the accident to a 911 operator, his wife observed Hill exit from the vehicle carrying

a square-shaped black bag. She watched Hill walk into the woodline and dispose of the bag, an observation which she then reported to the 911 operator.

By happenstance, a Georgia State Patrol trooper was conducting an investigation at an unrelated accident scene less than one mile up the road when he received a call from a radio operator who reported Hill's accident to him. The radio operator informed the trooper of the observations reported by the wife to the 911 operator. The trooper looked up the road and saw the tractor-trailer and the vehicle on the side of the roadway. He also saw a person walking out of the woodline.

Within minutes, the trooper traveled up the road to the scene of the accident between the tractor-trailer and the vehicle and launched an investigation. A drug dog brought to the scene twice "alerted" to the passenger side of the vehicle in which Hill had been riding, thereby indicating the recent presence of narcotics. One of the investigating troopers then located a small black bag inside of an old tire near the wood area where Hill had been seen. The bag contained what was later determined to be 435.22 grams of cocaine contained in five smaller bags, the purity of which ranged from a high of 77.9% to a low of 56.4%. When Hill was arrested, he had a bundle of $100 bills totaling over $2,000 in his pocket.

Both Hill and his cousin were arrested and charged with trafficking in cocaine. Hill was convicted of the lesser included offense of possession of cocaine, and his cousin was acquitted of all charges.

1. Although not enumerated as error, the above evidence was sufficient to sustain Hill's conviction for possession of cocaine. OCGA § 16-13-30 (a). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Graham v. State*, 242 Ga. App. 361, 361-362 (1) (529 SE2d 641) (2000).

2. Hill contends that the trial court's charge to the jury on the theory of equal access was erroneous. He argues that the charge "was, at best, confusing and at worst misleading."

The equal access defense is available to defendants in cases where the state seeks to prove possession of contraband by relying solely on presumptions arising from the defendants' ownership or control of the premises or vehicle in which contraband is discovered. See *State v. Johnson*, 280 Ga. 511, 512-513 (630 SE2d 377) (2006); *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004). It is

> based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that

persons other than the defendant had equal opportunity to commit the crime. For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found.

(Citation and punctuation omitted.) *Andrews v. State*, 219 Ga. App. 808, 809 (1) (466 SE2d 909) (1996).

Here, the trial court explained to the jury that possession could be actual or constructive, and that it could be sole or joint. The trial court then charged the jury that it was entitled to infer that the driver of the vehicle — Hill's cousin — was "in possession of the entire vehicle and . . . all the property located on or in the vehicle," but that this inference could be rebutted by evidence that others had access to the vehicle. And, in the charge challenged by Hill, the trial court instructed that

[i]f you determine from the evidence that persons other than the defendant — these defendants had equal opportunity to possess or place the article of contraband upon the described premises[,] then in that event you should acquit these defendants unless it is shown beyond a reasonable doubt that these defendants knowingly, solely or jointly, possessed the contraband or shared possession or control with one another or helped or procured another person in possessing and having control of this contraband.

According to Hill, the charge was erroneous because it "did not leave open the possibility that one defendant, but not the other[,] had equal access to the area in the woods where the drugs were found," thus limiting the jury to conclude only "that either both defendants had access to the woods or that neither did."

First, we note that the state did not rely on a presumption that Hill was in possession or control of the cocaine. Rather, the state presented direct evidence that the passenger in the tractor-trailer saw Hill exit his cousin's vehicle with the bag containing the drugs and personally watched him as he walked into the wooded area and disposed of the bag. Hill was then observed by both that witness and the state trooper exiting the woodline where the drugs were later found. Because the state did not rely on a presumption of possession in order to connect Hill to the cocaine, he was not entitled to an equal access charge relative to the wooded area. See *Johnson*, 280 Ga. at 513; *Thrasher v. State*, 289 Ga. App. 399, 401 (3) (657 SE2d 316)

YALE LAW LIBRARY

(2008); *Jones v. State*, 254 Ga. App. 863, 865 (2) (564 SE2d 220) (2002).

Regardless, Hill's argument that the jury was either confused or misled by the charge is belied by the record. The fact that the jury convicted Hill of possession and yet acquitted his cousin, the driver of the vehicle, of all charges lends itself to the conclusion that the jury did not harbor any confusion as to whether they could convict one of them independent of the other.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 11, 2010.

*Joseph S. Key*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.