A11A2283. MOORE et al. v. STEWART.
(727 SE2d 159)

Miller, Judge.

Ronald and Debra Moore, as temporary guardians and conservators of Tracy Ann Boone, filed a negligence action against William Edward Stewart, seeking damages for injuries Boone sustained as a result of a vehicular accident involving Stewart. Following a jury trial, a verdict and judgment were entered in favor of Stewart. The Moores filed a motion for judgment notwithstanding the verdict ("judgment n.o.v."), or in the alternative, a motion for new trial. The Moores appeal from the trial court's denial of both motions. While we affirm the portion of the trial court's order denying the Moores' motion for judgment n.o.v., we otherwise agree with the Moores that the trial court failed to apply the proper standard of review in considering the Moores' motion for new trial under OCGA § 5-5-20. We therefore vacate the portion of the trial court's order denying the Moores' motion for new trial and remand the case for the trial court's proper consideration of that motion.

> Where a jury returns a verdict, the same must be affirmed on appeal if there is any evidence to support it, and the evidence is to be construed in a light most favorable to the prevailing party with every presumption and inference in favor of sustaining the verdict. We review a denial of a motion for a new trial according to this same standard. Thus, a jury verdict, after approval by the trial court, and the judgment thereon will not be disturbed on appeal if supported by any evidence, in the absence of any material error of law.

(Citations and punctuation omitted.) *Green v. Key Custom Homes*, 302 Ga. App. 800, 802-803 (1) (692 SE2d 56) (2010).

So viewed, the evidence shows that on November 7, 2007, Boone sustained disabling injuries as a result of a vehicular collision involving Boone, Stewart, and James Vangilla (nonparty in the underlying lawsuit). According to Stewart's accident reconstructionist expert,

Boone caused the initial collision when she turned her vehicle in front of oncoming traffic and collided with Vangilla's vehicle. Boone's initial collision with Vangilla caused her vehicle to move backward in a diagonal position and collide with the front corner of Stewart's vehicle, which had been traveling behind Boone. According to what Stewart could remember about the collision, he had glanced down to check his speed and upon looking back up, he saw that the driver of the vehicle in front of him (Boone) had applied her brake lights; although Stewart applied his brakes, he did not believe he could stop before striking Boone. As a result, Stewart "steered to the right and then . . . remember[ed] seeing trees."

According to the Moores, however, it was Stewart's negligence that was the sole cause of the collision. The Moores specifically alleged that Boone had been waiting to turn left when Stewart struck her from behind, which pushed her vehicle into oncoming traffic and caused her to collide with Vangilla's vehicle. At trial, the Moores presented witness testimony in support of their theory that Stewart, and not Boone, was responsible for the initial collision. Through cross-examination and testimony of his expert accident reconstructionist, however, Stewart attempted to impeach the credibility of the Moores' witnesses and otherwise discount their respective versions of the collision. The jury found in favor of Stewart.

The Moores subsequently moved for a judgment n.o.v., or in the alternative, a new trial under OCGA § 5-5-20. The Moores' basis for both motions was their presentation of witness testimony that the initial collision was caused by Stewart's act of hitting Boone's vehicle from behind. The trial court denied both the Moores' motion for judgment n.o.v., as well as their alternative motion for new trial.

1. The Moores contend that Stewart presented no evidence to support the jury's verdict, and that as a result, the trial court should have granted their motion for new trial. We disagree. The aforementioned evidence was sufficient to sustain the jury's verdict and the conflicting evidence was a matter for the jury to resolve.

2. The Moores also contend that the trial court erred in finding that their motion for new trial was procedurally barred for their failure to move for a directed verdict during the trial. Inasmuch as the Moores misconstrue the trial court's finding, their contention is without merit.

Significantly, the trial court's order clearly reflects that it was the Moores' motion for judgment n.o.v., and not their motion for new trial, that was found to be procedurally barred under OCGA § 9-11-50 (b). As the Moores themselves concede on appeal, "[u]nder OCGA § 9-11-50 (b) a motion for directed verdict is a condition precedent to a subsequent motion for judgment n.o.v." (Citations and punctuation

omitted.) *Gray v. Miller*, 166 Ga. App. 792 (305 SE2d 651) (1983). Here, in light of the Moores' failure to move for a directed verdict during the case, the trial court correctly found that their motion for judgment n.o.v. was procedurally barred under OCGA § 9-11-50 (b). Cf. id. at 792-793. We therefore affirm the trial court's denial of the Moores' motion for judgment n.o.v. Contrary to the Moores' contention otherwise, however, there is nothing in the trial court's order indicating that OCGA § 9-11-50 (b) was also the basis for denying the Moores' alternative motion for new trial. Accordingly, the Moores' enumeration of error is without merit.

3. The Moores contend that the trial court failed to apply the proper standard of review in considering their motion for new trial under OCGA § 5-5-20. Given the language of the trial court's order, we agree.

OCGA § 5-5-20 authorizes a trial court to grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity[.]" In considering a motion for new trial under OCGA § 5-5-20, the trial court is afforded "broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds." (Citations and punctuation omitted.) *Hartley v. State*, 299 Ga. App. 534, 540 (3) (683 SE2d 109) (2009); see also *Bhansali v. Moncada*, 275 Ga. App. 221, 222 (1) (620 SE2d 404) (2005). "If the record reflects that the trial court failed to exercise its discretion and sit as the thirteenth juror, we will vacate and remand for the trial court to fulfill its affirmative statutory duty." (Citations omitted.) *Hartley*, supra, 299 Ga. App. at 540 (3).

As discussed in Division 2 above, the trial court in this case denied the Moores' motion for judgment n.o.v. on the ground that it was procedurally barred under OCGA § 9-11-50 (b). The trial court went on to find that, even if not procedurally barred, the Moores' motion for judgment n.o.v. nevertheless failed under the "any evidence" standard of review, finding that "[t]here was evidence presented to the jury which legally authorized the verdict rendered." According to the Moores' contention on appeal, the trial court's order erroneously applied this same "any evidence" standard of review in considering the Moores' alternative motion for new trial. Indeed, the standard imposed upon a trial judge in granting a motion for judgment n.o.v. is different from the standard imposed upon the trial judge in granting a motion for new trial. See *Beasley v. Paul*, 223 Ga. App. 706, 707 (1) (478 SE2d 899) (1996). Specifically, "[a] trial judge cannot grant motions for [judgment] n.o.v. on any issue if 'any evidence' exists to support that issue. By contrast, a trial judge can grant a motion for new trial if the verdict is contrary to the evidence

[under OCGA § 5-5-20] or strongly against the weight of the evidence [under OCGA § 5-5-21]." (Punctuation omitted.) Id.

As an initial matter, we note that the trial court's order reveals no explicit reference to the standard it employed in denying the Moores' motion for new trial on the general grounds set forth in OCGA § 5-5-20. Generally,

> [i]n interpreting the language of an order overruling a motion for a new trial, it must be presumed that the trial judge knew the rule as to the obligation thus devolving upon him, and that in overruling the motion he did exercise this discretion, unless the language of the order indicates to the contrary and that the court agreed to the verdict against his own judgment and against the dictates of his own conscience, merely because he did not feel that he had the duty or authority to override the findings of the jury upon disputed issues of fact.

(Citation and punctuation omitted.) *Brown v. Service Coach Lines*, 71 Ga. App. 437, 443 (1) (31 SE2d 236) (1944). Here, a review of the language in the trial court's order indicates that the trial court failed to exercise its discretion under the applicable standard set forth in OCGA § 5-5-20.

Notably, although the trial court reviewed the testimony of each witness upon which the Moores based their motion for new trial, the trial court repeatedly stated that "the credibility of a witness [was] a matter to be determined by the jury"; that the jury, and not the trial court, had properly determined the credibility of each witness; and that a trial judge is not "invested with authority to usurp this power which is reserved by law to the jury." It thus appears that the trial court failed to apply the proper standard in assessing whether the evidence was contrary to the jury's verdict as requested by the Moores in their motion for new trial. See *Alvelo v. State*, 288 Ga. 437, 438-439 (1) (704 SE2d 787) (2011) (concluding that trial court failed to apply proper standard in assessing the weight of the evidence as requested by defendant in his motion for new trial where trial court explicitly stated that it was solely within the purview of the jury to weigh conflicting evidence and judge credibility of witnesses and that the trial court would not usurp the jury's function); *Hartley*, supra, 299 Ga. App. at 540 (3). Compare *Tolbert v. State*, 313 Ga. App. 46, 54 (2) (720 SE2d 244) (2011) (holding that trial judge's statements at motion for new trial hearing — that witness credibility was a jury issue and would not be the basis for the grant of a new trial unless the jury's findings were "just way in left field" — "establish[ed] that she did not

apply an erroneous standard of review [and] instead acknowledged that she would not usurp the jury's role as factfinder unless it was strongly against the weight of the evidence") (punctuation and footnote omitted).

We therefore must vacate the portion of the trial court's order denying the Moores' motion for new trial under OCGA § 5-5-20 and remand this case to the trial court for consideration of the Moores' motion under the proper legal standard.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Ellington, C. J., and Doyle, P. J., concur in judgment only.*

DECIDED MARCH 30, 2012.

*Savage & Turner, Robert B. Turner, Kathryn H. Pinckney*, for appellants.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellee.