FINAL COPY
294 Ga. 464

S13A1780. VAN v. THE STATE.

MELTON, Justice.

Following a jury trial, Tony Van was found guilty of murder, felony murder, aggravated assault, and two counts of possession of a firearm during the commission of a crime.[1] Van now appeals, contending that the trial court gave the jury coercive instructions regarding the completion of the verdict form which favored a conviction and that the verdict form, itself, was improper. For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that, on

---

[1] On February 23, 2011, Van was indicted for malice murder, felony murder, making terroristic threats, aggravated assault, and two counts of possession of a firearm during the commission of a crime. Following a jury trial, Van was found guilty on all counts. He was sentenced to life imprisonment for malice murder, five concurrent years for making terroristic threats, and five consecutive years for one count of possession of a firearm. The conviction for felony murder was vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining counts were merged for the purposes of sentencing. After the trial court granted Van the right to file an out-of-time motion for new trial, Van did so on August 29, 2012, and further amended the motion seven times. The amended motion was denied on April 18, 2013. Van timely filed a notice of appeal. His case was then docketed to the September 2013 term of this Court, and submitted for decision on the briefs.

September 18, 2010, Van drove Jonathan Pring and Robert Keovongsa to a Citgo to play video slot machines. Pring kept losing, and he asked Van for money. Van got angry, because Pring already owed him a prior debt. Van decided to take everyone home at that point, and took Pring to a QuikTrip to drop him off. Pring refused to get out of the car, so Van drove to Keovongsa's home, arguing with Pring the entire way. Pring began yelling, "We can do this right here. We can do this right here. We can get out of the car, I'm going to slice your throat, I'm not going to get out right now." Despite these statements, Pring did not have a weapon. Van stopped his car near Keovongsa's house, got out, grabbed a gun, loaded it, and shot Pring in the chest. Pring put his hands up, stating, "I'm sorry, I'm sorry." Pring died from his gunshot wound. Later, after being arrested, Van led police to a drainage ditch where he had thrown the murder weapon. The bullet taken from Pring's body matched the recovered weapon. From jail, Van wrote a number of letters to Keovongsa, telling him how to testify. The letters contained an admission to the shooting.

This evidence was sufficient to enable the jury to find Van guilty of the crimes for which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

2. Van contends that the trial court erred by giving the jury coercive instructions which favored his conviction, both during the main charge and a subsequent re-charge, regarding the completion of the verdict form. We disagree.

The record shows that, in the main charge, the trial court fully and correctly instructed the jury on the presumption of innocence, the burden of proof, and the definitions of all crimes involved. Thereafter, with regard to completing the verdict form, the trial court instructed: "[I]f you find and believe beyond a reasonable doubt . . . that the defendant is guilty of murder with malice aforethought, then you must specify such in your verdict and the form of your verdict in that event would be we . . . find the defendant guilty of malice murder." The same instruction is repeated for felony murder, and the instruction was given again in response to the jury's request for a re-charge during its deliberations. Van contends that because the trial court told the jurors that they must specify their verdict in the event of a finding of guilty, but did not also instruct the jury that they must specify a not guilty verdict if they retained a reasonable doubt, the jury instruction was improperly coercive and deprived Van of his right to due process.

As an initial matter, the record shows that Van never objected to the trial court's charge. Where no objection is made to a jury charge at trial, "appellate review for plain error is required whenever an appealing party properly asserts an error in jury instructions." (Footnote omitted.) State v. Kelly, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011).

> The "plain error" test adopted by this Court in [Kelly] authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings.

(Citation omitted.) Smith v. State, 292 Ga. 316, 319 (3) (737 SE2d 677) (2013).

There was no plain error in this case, as the instruction was not erroneous. Nothing in the trial court's instructions regarding the manner in which the jury was to complete the verdict form mandated a conviction in any way. Ultimately, the instructions merely required the jurors to put in writing whatever verdict they reached, guilty or not. In any event, prior to the instructions about which Van complains, the trial court clearly and accurately instructed the jurors regarding Van's presumption of innocence, the State's burden of proof, and the duty to acquit if reasonable doubt existed. Considered as a whole, the jury instructions, including the re-charge, were not erroneous. See Hambrick v. State,

4

256 Ga. 688 (3) (353 SE2d 177) (1987).

3. As the jury instructions were not erroneous, Van's contention that his trial counsel rendered ineffective assistance by failing to object to the instructions lacks merit. See Hayes v. State, 262 Ga. 881 (3) (c) (426 SE2d 886) (1993) (failure to make a meritless objection cannot be evidence of ineffective assistance).

4. Van argues that the form of the verdict was defective because, in ordering the spaces for the jury's verdict, it placed malice murder and felony murder prior to voluntary manslaughter. Van postulates that this order may have confused the jurors who, during deliberations, should have considered whether the mitigating circumstances associated with voluntary manslaughter were present prior to reaching a decision regarding murder and felony murder. This contention fails.

With regard to pre-printed jury forms, we have opined:

We conclude that the use of a jury verdict form preprinted with the words "Guilty" and "Not Guilty" does not constitute error unless the form would mislead jurors of reasonable understanding, or the trial court erroneously instructed the jury on the presumption of innocence, the State's burden of proof, the possible verdicts that could be returned, or how the verdict should be entered on the printed form. In and of itself, merely listing the possible guilty

5

verdict option(s) before the "Not Guilty" option does not render the verdict form misleading so as to constitute reversible error. See Harris v. State, 202 Ga. App. 618 (5) (414 SE2d 919) (1992).

Rucker v. State, 270 Ga. 431, 435 (5) (510 SE2d 816) (1999). The same concept holds true here. As discussed previously, the trial court properly instructed the jurors on the presumption of innocence, the State's burden of proof, and the possible verdicts that could be returned. Merely listing the offenses on the verdict form in the order of malice murder, felony murder, and voluntary manslaughter did not constitute reversible error. Id.

Judgment affirmed. All the Justices concur.

Decided January 27, 2014.

Murder. Clayton Superior Court. Before Judge Simmons.

Lloyd J. Matthews, for appellant.

Tracy Graham-Lawson, District Attorney, Frances C. Kuo, Deah B. Warren, Erman J. Tanjuatco, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hills, Assistant Attorney General, for appellee.