FINAL COPY
294 Ga. 474

S13A1868. JIMENEZ v. THE STATE.

MELTON, Justice.

Following a jury trial, Jesus Ojeda Jimenez was found guilty of murder

and various other offenses in connection with the stabbing death of his wife,

Liliana Ruiz.[1] On appeal, Jimenez contends that the evidence presented at trial

was insufficient to support the jury's verdict. We affirm.

Viewed in the light most favorable to the jury's verdict, the record reveals

that, on the evening of January 20, 2012, Jimenez attacked his wife as soon as

she began to open the door of the couple's home after returning from purchasing

---

[1] On April 12, 2012, Jimenez was indicted for malice murder, felony murder (aggravated assault), possession of a knife during the commission of a crime, and three counts of first degree cruelty to children. Following a September 24-27, 2012 jury trial, Jimenez was found guilty on all charges. On September 27, 2012, the trial court sentenced Jimenez to life without the possibility of parole for murder, five years consecutive for possession of a knife during the commission of a crime, ten years consecutive for one of the cruelty to children counts, and twenty years consecutive for each of the remaining cruelty to children counts. The felony murder conviction was vacated by operation of law. See Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). Jimenez filed a motion for a new trial on October 25, 2012, which was denied on July 19, 2013. Jimenez's timely appeal was docketed in this Court for the September 2013 term, and submitted for decision on the briefs.

food. Then, in the presence of the couple's three children, Jimenez stabbed his wife in the chest, arm, and neck with a seven-and-a-half-inch kitchen knife, killing her. Two of the couple's children ran to a neighbor's house to call the police. Jimenez fled the scene. The next day, Jimenez turned himself in to police and admitted to them that he had stabbed his wife.

The evidence was sufficient to enable a rational trier of fact to find Jimenez guilty of all of the crimes of which he was convicted beyond a reasonable doubt.[2] Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d

---

[2] To the extent that Jimenez argues that the trial court erred by failing to exercise its discretion to decide whether he is entitled to a new trial pursuant to OCGA §§ 5-5-20 and 5-5-21, he is incorrect. Pursuant to OCGA § 5-5-20 the trial court may grant a new trial "[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity." In addition, pursuant to OCGA § 5-5-21, a trial court may grant a new trial "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." In this regard, OCGA §§ 5-5-20 and 5-5-21 "provide the trial court with the broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds." (Citation omitted.) Brockman v. State, 292 Ga. 707, 713 (4) (739 SE2d 332) (2013). Here, the motion for new trial transcript and the trial court's final order on the motion for new trial reveal that, after Jimenez raised these issues in his motion for new trial, the trial court reviewed the trial transcript and fulfilled its affirmative duty to sit as the thirteenth juror "to exercise its discretion and weigh the evidence to determine whether a new trial as to [Jimenez's] convictions . . . was warranted." Id. This contention is without merit. Id. at 714 (4) (b).

560) (1979).

Judgment affirmed. All the Justices concur.

Decided January 27, 2014.

Murder. Fayette Superior Court. Before Judge Crawford.

James E. Bischoff, for appellant.

Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General, for appellee.