**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 3, 2014**

# In the Court of Appeals of Georgia

A14A1437. GORDON v. THE STATE.

MCFADDEN, Judge.

Quantavious Gordon appeals his armed robbery convictions, arguing that the evidence was insufficient. He also argues that when ruling on the motion for new trial, the trial court erred by failing to consider whether the verdict was decidedly and strongly against the weight of the evidence as provided under OCGA § 5-5-21. We find that the evidence was sufficient to support the convictions. But because it is not clear that the trial court exercised his discretion under OCGA § 5-5-21 when ruling on Gordon's motion for new trial, we vacate the trial court's denial of Gordon's motion for new trial and remand for the trial court's further consideration of the motion.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that on June 22, 2010, sometime between 6:30 and 7 p.m., Gordon walked into Jessica's Stop and Go and asked store manager Robert Elliot for cigarettes. Elliot said he had none, at which point Gordon pulled out a gun and told Elliot to "give it up." Several other young men then entered the store, some masked, although Gordon was not.

Elliot was sitting on a chair behind the counter, his cashier Cynthia Riggins was on a stool near him, and his friend Michael Mosley was seated in a corner when

2

the robbers entered the store. Gordon jumped over the counter, put a gun to Elliot's head, ordered him to lay down, and demanded to know where Elliot's own gun was. When Elliot told him he did not have it on him, Gordon rolled Elliot over and took his wallet, cell phone, and a wad of cash out of another pocket. He also took cigars, cigarettes, and other merchandise from the store.

Meanwhile, another robber also jumped the counter, put a gun to Riggins' head, and made her open the cash register. He took everything out of it, and then took Riggins' cell phone and cash. When a robber noticed Mosley in the corner, he put a gun to Mosley's head and took $125 from him. The robbers ran out of the store, shouting for no one to move.

All three witnesses independently identified Gordon as one of the robbers from police photo lineups, administered at separate times several days after the robbery. He was unmasked, the store was well-lit, and all three were able to see Gordon clearly. Mosley and Elliot had never seen him before, but Riggins recognized him, as she is Gordon's girlfriend's aunt, and had met him once previously. Additionally, Kwamesia Works, an acquaintance of Gordon's who has known him for several years, testified that she saw him and about five other young men standing outside of Jessica's Stop and Go at about 6:45 p.m. the night of the robbery.

A person commits armed robbery "when, with the intent to commit theft, [he] takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). The evidence detailed above authorized the jury to find that Gordon committed armed robbery.

Nevertheless, Gordon argues that his convictions must be reversed because the state failed to disprove his alibi. He points to his trial testimony where he claimed a friend took him to pick up pizza while the robbery was in progress, as well as that friend's trial testimony, corroborating his story. However, "it was for the jury to determine the credibility of the witnesses, and the jury was authorized to disbelieve the alibi defense [Gordon] proffered." *Newsome v. State*, 288 Ga. 647, 649 (1) (706 SE2d 436) (2011) (citations omitted). Moreover,

> since the true effect of an alibi defense is to traverse the state's proof that the defendant committed the crime, the charge that the burden is on the state to prove that the defendant committed the crime beyond a reasonable doubt necessarily covers the question of whether the evidence of an alibi was sufficient to create a reasonable doubt.

*Rivers v. State* 250 Ga. 288, 300 (8) (298 SE2d 10) (1982) (citations omitted). The trial court gave such charge here.

2. *Motion for new trial.*

In the motion for new trial, Gordon specifically asserted that the verdict was contrary to "the weight of the evidence." See OCGA § 5-5-21. The trial court's order denying the motion stated, "Upon consideration of Defendant's Motion on the general grounds, same is hereby DENIED. *Jackson v. Virginia*, 443 U.S. 307 (1979)."

"[W]hen presented with a motion for new trial based upon the provision of OCGA § 5-5-21, the trial court is not limited to the *Jackson* standard, but rather is charged with the duty of exercising its discretion and weighing the evidence under the standard set forth in the statute." *Rutland v. State*, 296 Ga. App. 471, 476 (3) (675 SE2d 506) (2009). "The trial court does not exercise its discretion when it evaluates the general grounds by applying the standard of *Jackson v. Virginia*, supra, to a motion for new trial based on the general grounds embodied in OCGA §§ 5-5-20 and 5-5-21." *Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013); see also *Manuel v. State*, 289 Ga. 383, 386 (2) (711 SE2d 676) (2011) (trial court's use of the *Jackson v. Virginia* standard of review shows that the trial court failed to apply its discretion since the question of whether there is sufficient evidence to support the verdict is one of law, not of discretion). Compare *Brockman v. State*, 292 Ga. 707, 714 (4) (b) (739 SE2d 332) (2013) ("The order's language [denying the motion for new trial] clearly shows that the trial court made two separate determinations, a

5

determination as to the sufficiency of the evidence under the *Jackson v. Virginia* standard and a discretionary determination under OCGA §§ 5-5-20 and 5-5-21, as to the guilt/innocence verdict. . . ."); *Copeland v. State*, __ Ga. App. __, __ (2) (__ SE2d __) (Case No. A14A0404, decided June 11, 2014) ("[T]aken together, the trial court's findings confirm that the trial court properly exercised its discretion [under OCGA §§ 5-5-20 and 5-5-21] and rejected [defendant's] 'general grounds' a argument.")

"Because the record fails to indicate that the trial court fulfilled its duty of exercising its discretion under the applicable standard set forth in OCGA § 5-5-21, we vacate the trial court's decision denying [Gordon's] motion for new trial on this ground and remand this case for the trial court's consideration of [Gordon's] claim under the proper standard." *Rutland*, 296 Ga. App. at 476 (3).

*Judgment vacated and case remanded with direction. Andrews, P. J., and Ray, J., concur.*